871 F.2d 1088
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Earlene POLYAK, Plaintiff-Appellant,
v.
Thomas STACK; Henry, Henry & Stack, Defendants-Appellees.
 Nos. 88-5717, 88-5763 and 88-5794.
 United States Court of Appeals, Sixth Circuit.
 March 28, 1989.
 
 1
 Before BOYCE F. MARTIN, Jr. and MILBURN, Circuit Judges; and JOHN D. HOLSCHUH, District Judge.*
 
 ORDER
 
 2
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Earlene Polyak seeks review of the district court's judgment granting a directed verdict for the defendants in Polyak's diversity suit for legal malpractice filed against her former attorney and his law firm. In essence, Polyak alleged that Stack's malpractice in the handling of her defense to a Tennessee land partition suit resulted in an adverse order that the real estate be sold, thereby depriving her of the use of the property. Polyak also filed a motion seeking recusal of the federal trial judge, which was denied.
 
 
 4
 The matter was heard before a jury during a four-day trial, in which Polyak proceeded pro se. At the close of Polyak's case, the defendant's motion for a directed verdict was granted by the district court. The court applied the law of Tennessee pursuant to Erie Railroad Co. v. Tompkins, 304 U.S. 64 (1938), and concluded that Polyak had failed to prove the necessary elements of a legal malpractice claim.
 
 
 5
 Polyak sought timely reconsideration of the judgment which was denied. She appealed the final judgment of the district court, and filed two subsequent notices of appeal seeking review of the denial of the motion to reconsider. The appeals are consolidated for the purpose of appellate review.
 
 
 6
 On appeal, Polyak argues that she proved her case before the jury and that the directed verdict deprived her of a right of rebuttal. Polyak claims that she was prejudiced when the trial judge shouted at her in front of the jury, and that the judge erred in failing to recuse himself from her trial. She further claims that her attorney committed malpractice by permitting her to testify in state court while wearing sunglasses. The issues are fully briefed. Polyak has also filed motions seeking stay of the sale of property and seeking to verify and supplement the record on appeal, as well as a "Petition for Rehear" of the verification of the record.
 
 
 7
 Upon consideration, we affirm the judgment of the district court. Under Tennessee law relating to claims of legal malpractice, a lawyer's standard of conduct is to be measured against the degree of care, skill and diligence which is commonly possessed and exercised by attorneys practicing in the same jurisdiction. See Spalding v. Davis, 674 S.W.2d 710, 714 (Tenn.1984); Cleckner v. Dale, 719 S.W.2d 535, 540 (Tenn.App.1986). The question of whether a lawyer's conduct departed from the appreciable standard of care is to be proved by expert testimony. Cleckner, 719 S.W.2d at 541.
 
 
 8
 Review of the transcript reveals that, although Polyak called three attorneys as witnesses in her case-in-chief, she utterly failed to elicit the standard of conduct owed by attorneys practicing in the same jurisdiction. Moreover, Polyak failed to prove that Stack departed from the standard of care owed by an attorney. Accordingly, the district court's entry of a directed verdict in favor of the defendants and the dismissal of Polyak's suit with prejudice is affirmed.
 
 
 9
 We further hold that the district court did not err in failing to grant the recusal motion filed by Polyak, since the motion asserted predicated solely on the judge's prior judicial conduct. See Easley v. University of Michigan, 853 F.2d 1351, 1355 (6th Cir.1988).
 
 
 10
 The motion and amended motion filed in this court seeking to stay the sale of the Tennessee property is not proper. Plaintiff's claim in this suit is one of legal malpractice, and the defendants have no interest in the property which is the subject of the state court judgment.
 
 
 11
 Further, Polyak's motions seeking to verify and supplement the record and the "Petition for Rehear" (sic) are not well taken.
 
 
 12
 Accordingly, the motions for stay, the motions to verify and supplement the record on appeal, and the "Petition for Rehear" are denied. The judgment of the district court dismissing Polyak's suit with prejudice is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable John D. Holschuh, U.S. District Judge for the Southern District of Ohio, sitting by designation